| iBARRY, Judge,
concurring in the result.
The majority opinion does not consider the State’s argument relating to indemnification. In the lower court the State filed a cross claim against Service Master for indemnity. The State’s appeal argues that the trial court erred by finding it at fault, and that if found liable, it (the State) is entitled to 100% indemnification under their contract from Service Master.
Indemnity shifts the entire loss from a tortfeasor who is only constructively or technically at fault to one primarily responsible for the action that caused damage or injury. Illinois Central Gulf Railroad Company v. Deaton, Inc., 581 So.2d 714 (La.App. 4th Cir.1991). One guilty of fault is not due indemnity. Lebleu v. Southern Silica of Louisiana, 554 So.2d 852 (La.App. 3d Cir. 1989), writs denied, 559 So.2d 489, 490, 491 (La.1990).
The contract provision does not mandate that Service Master indemnify the State for the State’s negligence. The State was found 60% liable and Service Master 40% hable.
The State is therefore not entitled to indemnification.